**KIMBERLINA ALEXA LEA**

FILED
Oct 13 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ cynthial    DEPUTY

Attorneys for Plaintiff
Kimberlina Alexa Lea

'22CV1581 TWR RBB

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Kimberlina Alexa Lea<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO; DOE OFFICERS, in their individual capacities; and DOES 1-25, inclusive;<br><br>Defendants.<br>Joshua Clabough, Ace Ybanez, Jason Gonzalez, Kevin Cummings, Miles McCarde, David Burns, and Joshua Leiber | **COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE);**<br>2. **VIOLATION OF 42 U.S.C. § 1983 – *MONELL*;**<br>3. **BATTERY;**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **WRONGFUL DEATH - NEGLIGENCE**<br><br><u>JURY TRIAL DEMANDED</u><br><u>UNLIMITED</u> |

## INTRODUCTION

1. This case arises out of the wrongful death of Richard Price. On July 9, 2020, around 3:30 PM Mr. Pride was walking down Menlo Ave he was under the influence of many controlled substances he was an addict. There was an alleged report of a man with a gun, Mr. Price was contacted by police and shot multiple times, losing his life.

2. This civil action seeks compensatory and punitive damages against Defendants for violating various rights under California State Law in connection with the wrongful death of Mr. Pride and emotional distress of Plaintiff.

Case No.

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

3. This action arises under California State Tort Law as well as Federal Tort Law. This court has jurisdiction in this matter as Plaintiffs' claims arose in and around the City of San Diego, County of San Diego in the State of California. As well, there is a federal question as it relates to the 28 U.S.C. § 1983 claim. For the same reason the District Court for the Southern District of California is the proper venue for this action.

4. This Court has personal jurisdiction over Defendant CITY OF SAN DIEGO, a municipal corporation, because Defendant has sufficient minimum contacts with the State of California by virtue of its provision of government services to the County of San Diego, California.

5. This Court has personal jurisdiction over Defendant DOE OFFICERS because, at all times relevant, Defendants were employees and residents in the State of California. Defendants have purposely availed themselves of the benefits and protections of the laws of the State of California because, at all times relevant, Defendants were sworn deputies of the San Diego Police Department, in San Diego County, CA..

## PARTIES

6. Decedent, Richard Price, (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his daughter, [YOUR NAME] his successors-in-interest. Said Plaintiff is the person with standing to bring this action as Decedent was not married at the time of his death.

7. Plaintiff Kimberlina Alexa Lea is and was at all times relevant to this action, the biological daughter of Decedent. Plaintiff sues in her individual capacity and as successor-in-interest to Decedent.

8. Defendant CITY OF SAN DIEGO is, and was at all times relevant to this action, an incorporated public entity duly authorized and existing under the laws of the State of California. At all times relevant to this action, Defendant CITY OF SAN DIEGO (hereinafter "CITY") has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation, tactics, methods, practices, customs, and usages of the CITY OF SAN DIEGO Police Department. At all times relevant to his action, Defendant CITY OF SAN DIEGO was the employer of DOE DEFENDANT San Diego Police Department Officers.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant so named was employed by Defendant CITY at the time of the conduct alleges herein. Plaintiffs allege that each of Defendants DOES 1 through 10 were responsible for training, supervising, and disciplining CITY OF SAN DIEGO Police Department deputies and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 1 through 10 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this complaint to state the names and capacities of DOES 1 through 10, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has complied with the administrative tort claim requirement under California State Law. Plaintiff filed a claim against the CITY OF SAN DIEGO on July 11, 2022. The CITY OF SAN DIEGO denied that claim in writing on July

29, 2022 Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## STATEMENT OF FACTS

11. On July 9, 2020, Mr. Richard Price was walking down Menlo St, in San Diego, CA, unbeknownst to Mr. Price someone alleged that a man was walking down the street with a gun. San Diego Police Department responded, seeing that Mr. Price was under the influence of something they told Mr. Price that they would get him help and shoot bean bags, Mr. Price obliged and from a witness statement was on the ground. The officers did not have bean bags stocked in their car units, so the result was shooting ammunition. Joshua Clabough, Ace Ybanez, Jason Gonzalez, Kevin Cummings, Miles McCarde, David Burns, and Joshua Leiber shot over 20 rounds at Richard Price. On July 9, 2020, at approximately 4:01 p.m., Mr. Richard Price had succumbed to his injuries and was deceased on the scene.

12. xxx

13. xxx

14. xxx

15. Decedent died a result of Defendants' negligent and unreasonable conduct.

16. Decedent's death was proximately caused by the Defendant Deputies' breach of duty to use reasonable care in contacting individuals and use reasonable force in their apprehension.

17. Plaintiff alleges that reasonable deputies in Defendants' position would have clearly been on notice that Decedent was suffering from mental illness and required a specific standard of care prior to engaging him physically and using deadly force.

18. The acts and omissions of Defendants and DOES 1 through 10 were objectively unreasonable under the circumstances, without legal justification, and

within the course and scope of their employment as law enforcement officers and/or public officials.

19. At all times relevant to this action, Defendants and DOES 1 through 10 were employed by the CITY OF SAN DIEGO by and through the San Diego Police Department and were acting within the course and scope of their duty as Police Officers and city employees.

## DAMAGES

20. As a consequence of Defendants' illegal and negligent acts and omissions, Plaintiff were mentally and emotionally injured and damaged.

21. Pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code § 6402(b), Plaintiff seeks both survival and wrongful death damages for violation of both Decedent's and her own rights. Additionally, Plaintiff is entitled to the reasonable value of the loss of Decedent's financial support and funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

22. Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of the Defendants negligent acts and/or omissions, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his rights under law.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and herself under the law pursuant to Cal. Gov. Code §§ 820 and 815.2. Pursuant to Cal. Gov. Code § 52(b), Plaintiff is entitled to an award of attorneys' fees and/or costs – to the extent utilized – pursuant to statute(s) in the they event that she is the prevailing party in this action.

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Against Defendant CITY and DOES 1-10, inclusive)

1. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

2. Plaintiff had a firmly established right under the Fourth Amendment to be free from the wanton and unnecessary infliction of pain in the form of the use of excessive force by the authorities.

3. Defendants, while acting under color of state law as officers with the SDPD, deprived Plaintiff of that right by using excessive force against him by shooting him repeatedly.

4. Defendants DOES 1-10, inclusive, while acting under color of state law as SDPD officers, deprived Plaintiff of that right by using excessive force against him by shooting and killing him for what amounts to moving too slowly to comply with commands.

5. As a result of the conduct of DOE Defendants 1-10, inclusive, Plaintiff was injured physically, psychologically, and emotionally. Defendants' use of excessive force was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

6. The conduct alleged herein was done in deliberate or reckless disregard of Decedent's constitutionally protected rights, justifying the award of exemplary damages against Defendant in an amount according to proof at the time of trial in order to deter Defendant from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs is also entitled to attorneys' fees and costs of suit herein.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983 / *MONELL*
### (Against Defendant the CITY)

7. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

8. The CITY OF SAN DIEGO is liable for the deprivation of Plaintiff's constitutional rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which hold that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from:

   a. An official policy;
   b. A widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;
   c. The ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or
   d. A failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

9. Defendant the CITY OF SAN DIEGO failed to provide adequate supervision and discipline to officers that hold the power, authority, insignia, equipment and arms entrusted to them.

10. Defendant the CITY OF SAN DIEGO was aware of the widespread problems with the use of excessive force within SDPD. Despite this knowledge, Defendant took no action to supervise or discipline officers, or to provide better training as to proper use of force.

11. Defendant the CITY OF SAN DIEGO has a lengthy history of ratifying deputy misconduct by failing to conduct appropriate investigations. They have refused to investigate misconduct and/or taken no remedial steps or actions against officers.

12. There has been an official policy of acquiescence in the wrongful conduct. Defendant failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations. Defendant condones and acquiesces in

the abusive behavior of its subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

13. Defendant CITY OF SAN DIEGO as a matter of custom, practice, or policy, failed to institute, require, and enforce proper and adequate training and supervision for the use of deadly force by its employees, when the need for such training and supervision was obvious. Defendants' failure to properly train and supervise its employees resulted in a violation of Plaintiff's Fourth Amendment rights.

14. Further, the CITY's official policies caused Plaintiff's injury because they were inadequate to properly train officers in the safe and constitutional use of lethal force. The CITY's policies regarding the use of deadly force that was in effect at the time of Plaintiff's injuries was ineffective as it ended in an unarmed and non-dangerous man being killed in cold blood.

15. The CITY's policy fails to delineate circumstances where the use of deadly force is not authorized. It further does not acknowledge that the use of this level of force against individuals who are compliant or even passively resisting would constitute excessive force due to the severe risk of injury or death when such force is deployed.

16. Defendants' failure to properly train and supervise its officers, as a matter of policy, custom, and practice, was deliberately indifferent to Plaintiff's Fourth Amendment rights and done with conscious disregard for the dangers of harm and injury to him and others similarly situated.
As a result of these failures by the CITY OF SAN DIEGO, Decedent was murdered, and Plaintiff was injured physically, psychologically, and emotionally. Defendants' conduct was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

### THIRD CAUSE OF ACTION

## BATTERY

### (Against CITY, and DOES 1-10)

17. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

18. DOE Defendants and CITY caused Plaintiff to be touched with the intent to harm or offend, specifically by shooting him multiple times.

19. Defendants DOES 1-10, inclusive, caused Plaintiff to be touched by bullets by shooting at him.

20. Plaintiff did not consent to the touching by either CITY or DOES 1-10, inclusive.

21. Plaintiff was harmed and offended by Defendants' conduct.

22. A reasonable person in Plaintiff's situation would have been offended by the touching.

23. Plaintiff sustained severe damages, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

24. Defendant CITY is liable in *respondent superior* for the conduct of individual DOE Defendant officers, in the course and scope of their employment, per Government Code § 815.2.

25. The conduct of Defendants was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against DOE Defendants 1-10, inclusive; the CITY)

26. Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

27. The conduct of DOE Defendants 1-10, inclusive, as set forth in the preceding paragraphs, was outrageous. It was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

28. Defendants intended to cause Plaintiff emotional distress and/or acted with reckless disregard for the probability that Plaintiff would suffer emotional distress, when DOE Defendants fired multiple bullets at Decedent, killing him.

29. Plaintiff suffered severe emotional distress, with damages in an amount to be proven at trial. Her emotional distress has led to personal difficulties with family and the need to take a leave of absence from work, costing her wages.

30. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

31. Defendant CITY is liable in *respondent superior* for the conduct of individual Doe Defendants 1-10, inclusive, in the course and scope of their employment, per Government Code § 815.2.

The conduct of Doe Defendants 1-10, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FIFTH CAUSE OF ACTION
### (C.C.P. § 377.60 and 377.61)
### (Wrongful Death – Negligence)
### (Against Defendants CITY, DOE DEFENDANTS 1 through 10)

1. Plaintiff re-alleges and incorporates by reference herein the preceding paragraphs of this Complaint.

2. The present action is brought under Cal. Gov. Code §§ 820 and 815.2. Pursuant to §820(a), as public employees DOE DEFENDANTS 1-10, inclusive are liable for injuries caused by their acts and/or omissions to the same extent as a private person. At all times mentioned herein, the Defendant Deputies were acting within

the course and scope of their employment and/or agency with Defendant CITY. As such, Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of DOE DEFENDANTS 1 through 10 pursuant to Cal. Gov. Code § 815.2.

3. Decedent died intestate and unmarried, thus Plaintiff, his only biological child, is the proper person to sue for his wrongful death under California State Law.

4. DOE DEFENDANTS' negligent actions and/or omissions within the scope and course of their employment with Defendant CITY, proximately caused the death of Decedent.

5. DOE DEFENDANTS breached their duty to ensure the safety and wellbeing of the community and their duty to recognize and implement specific techniques for contacting individuals suffering from mental illness. Moreover, Defendants defied the CITY OF SAN DIEGO policies and Police Officer Standards and Training protocols on contacting people with mental illness.

6. As an actual and proximate cause of Defendants' negligence, Plaintiff has sustained pecuniary loss in the form of loss of comfort, society, attention, services, and support of her father, and last surviving parent, in an amount according to proof at trial.

7. As a further actual and proximate cause of Defendants' negligence, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

8. Pursuant to C.C.P. §§ 377.60 and 377.61, Plaintiff has brought this action and claim damages from Defendants for the wrongful death of Decedent and resulting injuries and damages as well as her own emotional distress.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## JURY DEMAND

9. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief as follows:

1. For general damages in a sum according to proof at trial;
2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and/or other special damages in a sum according to proof at trial;
3. For punitive damages in a sum according to proof at trial, as to DOE DEFENDANTS 1-10, inclusive;
4. For reasonable attorneys' fees pursuant to Cal. Civ. Code § 52.1;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: October 11, 2022

By: /s/ [signature]
In pro per,