**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLINA LEA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:22-cv-01581-RBM-WVG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. 17]** |

　　　Presently before the Court is a motion to dismiss ("Motion") filed by Defendants City of San Diego, Ace Ybanez, Joshua Clabough, Jason Gonzalez, Joshua Leiber, David Burns, Kevin Cummins, and Miles Mcardle (collectively "Defendants"). (Doc. 17-1 ("Mot.").) Plaintiff Kimberlina Lea, appearing pro se, filed an opposition to Defendants' motion to dismiss (Doc. 19 ("Opp."), and Defendants filed a reply (Doc. 20). The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

　　　For the reasons discussed below, Defendants' Motion is granted, and Plaintiff is granted leave to amend.

## I.　BACKGROUND

　　　Plaintiff filed this action on October 13, 2022 against the City of San Diego and certain officers related to the death of her father, Richard Price. (Doc. 1 ("Compl.").)

Plaintiff alleges that on July 9, 2020, Mr. Price was walking on Menlo Avenue in San Diego. (*Id*. at 1 ¶ 1.) At the time, Mr. Price "was under the influence of many controlled substances" and "was an addict." (*Id*.) Plaintiff alleges the San Diego Police Department received a report of a man with a gun and, "seeing that Mr. Price was under the influence," the officers "told Mr. Price that they would get him help and shoot bean bags." (*Id*. at 4 ¶ 11.) Plaintiff alleges the officers then shot over 20 rounds of "shooting ammunition" at Mr. Price, who died at the scene from gunshot wounds. (*Id*.)

Plaintiff brings five claims against Defendants: (1) use of excessive force in violation of 42 U.S.C. § 1983; (2) a 42 U.S.C. § 1983 claim against the City of San Diego pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978);[1] (3) battery; (4) intentional infliction of emotional distress; and (5) wrongful death. (*Id*. at 5–11.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). At the motion to dismiss stage, all material factual allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citation omitted).

To avoid dismissal under Rule 12(b)(6), a complaint need not contain detailed factual allegations; rather, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] This claim is commonly referred to a "*Monell*" claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

1    "A claim has facial plausibility when the plaintiff pleads factual content that allows the
2    court to draw the reasonable inference that the defendant is liable for the misconduct
3    alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
4    In other words, "the non-conclusory 'factual content,' and reasonable inferences from that
5    content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v.*
6    *U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Where
7    a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops
8    short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting
9    *Twombly*, 550 U.S. at 557).

10    When a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend
11    even if no request to amend the pleading was made, unless it determines that the pleading
12    could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N.*
13    *Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.   DISCUSSION

15    Defendants move to dismiss all causes of action other than Plaintiff's excessive force
16    claim. (*See* Mot. at 8–16.) The Court will address each of Defendants' arguments in turn.

17    **A.  *Monell* claim (Claim 2)**

18    Defendants argue dismissal of Plaintiff's *Monell* claim is appropriate "because it
19    includes only conclusory allegations and does not sufficiently allege a failure to train nor
20    any widespread custom, policy, or practice to deprive a constitutional right." (*Id*. at 8.)
21    While Plaintiff does not address Defendants' substantive arguments with respect to her
22    *Monell* claim, Plaintiff states "any deficiencies not specifically pled in Plaintiff's second
23    cause of action for *Monell* liability . . . can be cured by amendment." (Opp. at 3.)

24    Municipalities cannot be held vicariously liable under 42 U.S.C. § 1983 for the
25    actions of their employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S.
26    658, 691 (1978). "Instead, it is when execution of a government's policy or custom,
27    whether made by its lawmakers or by those whose edicts or acts may fairly be said to
28    represent official policy, inflicts the injury that the government as an entity is responsible

under § 1983." *Id*. at 694.  To prevail in a civil action against a local governmental entity, the plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'"  *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)).

A plaintiff may establish municipal liability under 42 U.S.C. § 1983 in one of three ways.  "First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).  Second, the plaintiff may establish that a governmental official with "final policy-making authority" ratified a subordinate's unconstitutional conduct.  *Id*. at 1346–47 (citations omitted). Finally, a municipality may be held liable for inadequate training of its employees, but only where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

Here, Plaintiff's *Monell* claim "lack[s] any factual allegations that would separate [it] from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's Complaint merely recites some of the elements of a *Monell* claim without including specific facts about Mr. Price's encounter with Defendants.  For example, Plaintiff alleges only that the City of San Diego "failed to provide adequate supervision and discipline to officers that hold power, authority, insignia, equipment and arms entrusted to them" and that the City "was aware of the widespread

problems with the use of excessive force" and "has a lengthy history of ratifying deputy misconduct." (*See* Compl. at 7 ¶¶ 9–16.) And while Plaintiff alleges the City of San Diego has "an official policy of acquiescence in the wrongful conduct" of its officers, the Complaint contains no facts about a specific custom, policy, or procedure Plaintiff is challenging in this lawsuit. (*Id*. at 7 ¶ 12.) Plaintiff's failure to train allegations are similarly conclusory, as the Complaint states only that the City "failed to institute, require, and enforce proper and adequate training . . . when the need for such training and supervision was obvious." (*Id*. at 8 ¶ 13.)

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's *Monell* claim. *See Koistra v. Cnty. of San Diego*, No. 16CV2539-GPC(AGS), 2017 WL 4700073, at *8 (S.D. Cal. Oct. 19, 2017) (dismissing *Monell* claim where complaint "merely presents a recitation of the elements of *Monell* causes of action based on policy, practice or custom, and failure to train and supervise and does not provide any supporting facts"). In light of Plaintiff's pro se status, the Court grants Plaintiff leave to amend her *Monell* claim to address the pleading deficiencies identified in this Order. *See Cook, Perkiss & Liehe*, 911 F.2d at 247.

**B. Battery (Claim 3), Intentional Infliction of Emotional Distress (Claim 4), and Wrongful Death (Claim 5)**

Defendants next argue Plaintiff's claims for battery, intentional infliction of emotional distress, and wrongful death should be dismissed due to Plaintiff's failure to comply with the requirements of the Government Claims Act, CAL. GOV'T CODE §§ 810 *et seq*.

California's Government Claims Act provides certain requirements a plaintiff must comply with prior to filing a lawsuit against a public entity for money or damages. The plaintiff must present to the public entity his or her claim "for injury to person or to personal property" no later than six months after the accrual of the cause of action, and for claims relating to any other cause of action, no later than one year after the accrual of the cause of action. *See* CAL. GOV'T CODE § 911.2(a). "However, if the injured party fails to present a

5

timely claim, a written application may be made to the public entity for leave to present a late claim." *Coble v. Ventura Cnty. Health Care Agency*, 288 Cal. Rptr. 3d 431, 434 (Cal. Ct. App. 2021) (cleaned up) (citing CAL. GOV'T CODE § 911.4(a)). The application must be presented to the public entity no later than one year after the accrual of the cause of action. *See* CAL. GOV'T CODE § 911.4(b). Unless the one-year period is tolled, "the public entity is 'powerless to grant relief' if an application for leave to file a late claim was presented after the one-year deadline." *Coble*, 288 Cal. Rptr. 3d at 434 (quoting *Hom v. Chico Unified School Dist.*, 61 Cal. Rptr. 920, 923 (Cal. Ct. App. 1967)).

"The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 888 (Cal. 2012) (emphasis and citations omitted). Additionally, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint . . . fail[s] to state facts sufficient to constitute a cause of action." *State of Cal. v. Sup. Ct.*, 90 P.3d 116, 122 (Cal. 2004).

In her Complaint, Plaintiff alleges she "complied with the administrative tort claim requirement" by filing a claim with the City of San Diego on July 11, 2022. (Compl. at 3 ¶ 10.) Plaintiff alleges the City denied her claim in writing on July 29, 2022. (*Id.*) In her opposition brief, however, Plaintiff "concedes that her [battery] and [wrongful death] causes of action may not comply with the claim presentation requirements of the Government Claims Act." (Opp. at 3 (emphases omitted).) Plaintiff argues her claim for intentional infliction of emotional distress, on the other hand, "can be cured by amendment." (*Id.* (emphasis omitted).) Defendants argue dismissal is appropriate because (i) Plaintiff never filed a claim with the City and (ii) even if she did file a claim as alleged in the Complaint, the claim was untimely "by approximately a year and a half and two years and two days after the accrual of the cause of action." (Mot. at 12–13 (emphasis omitted).)

Plaintiff alleges the incident giving rise to her state law claims occurred on July 9, 2020. (Compl. at 4 ¶ 11.) Accordingly, it appears that even if Plaintiff filed a claim with the City of San Diego on July 11, 2022, such claim was untimely. The Court therefore **GRANTS** Defendants' motion to dismiss Plaintiff's claims for battery, intentional infliction of emotional distress, and wrongful death.

Although Defendants argue such dismissal should be with prejudice because Plaintiff cannot cure the deficiency, the Court declines at this time to find Plaintiff's claims fail as a matter of law for failure to comply with the Government Claims Act. In light of Plaintiff's pro se status and the contradictory information about Plaintiff's compliance with the Government Claims Act detailed in the Complaint and Plaintiff's opposition brief, the Court will grant Plaintiff leave to amend her state law claims. Accordingly, Plaintiff's state law claims are **dismissed without prejudice**. Plaintiff is cautioned that any amendment to her claims for battery, intentional infliction of emotional distress, and wrongful death must plausibly allege Plaintiff's compliance with the Government Claims Act.

### IV.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (Doc. 17) is **GRANTED.** Plaintiff may file an amended complaint on or before **July 28, 2023** which cures the deficiencies noted above. Plaintiff is cautioned that conclusory allegations unsupported by specific allegations of fact are insufficient to properly comply with the Federal Rules of Civil Procedure. **If Plaintiff fails to file an amended complaint on or before July 28, 2023, the case will proceed on Plaintiff's remaining claim of excessive force.**

IT IS SO ORDERED.

DATE: June 28, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE